UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**HENSLEY ROOSEVELT**                         CASE NO. 2:22-CV-05649

**VERSUS**                                    JUDGE JAMES D. CAIN, JR.

**STATE FARM FIRE & CASUALTY CO**             MAGISTRATE JUDGE LEBLANC

MEMORANDUM RULING

Before the court is a Motion to Dismiss [doc. 13] filed by defendant State Farm Fire & Casualty Company under Federal Rule of Civil Procedure 41(b). The motion is regarded as unopposed.

I.
BACKGROUND

This suit arises from alleged damage to plaintiff's home in Hurricane Laura, which made landfall in Southwest Louisiana on August 27, 2020, and Hurricane Delta, which impacted the same area on October 9, 2020. Plaintiff, represented by attorney Harry Cantrell, filed suit in this court on October 10, 2022, alleging that his home was insured by State Farm and that State Farm failed to timely or adequately compensate him for covered losses. Doc. 1. Due to plaintiff's noncompliance with the court's Case Management Order ("CMO")[1], the nonresponsiveness of plaintiff's counsel, and correspondence indicating that plaintiff intended to enroll new counsel, the court ordered that plaintiff "provide a status update and

---

[1] The Case Management Order [doc. 2] applies to first-party insurance claims in this court arising from Hurricanes Laura and Delta. It requires that the parties exchange certain initial disclosures and undergo a streamlined settlement procedure before the case can be set for trial.

enroll new counsel by September 6, 2024." Doc. 10. Otherwise, the court ordered, the matter would be "subject to dismissal for failure to prosecute under Federal Rule of Civil Procedure 41(b)." *Id.*

On September 6, 2024, new counsel filed a motion to enroll for plaintiff. Doc. 11. No status update was filed, however. State Farm filed a status report on September 12, 2024, detailing *inter alia* plaintiff's failures to participate in mediations under the CMO. Doc. 12. It moved to dismiss this suit on October 11, 2024, due to plaintiff's failure to comply with the court's order. Doc. 13. Additionally, the motion to enroll was denied without prejudice on October 18, 2024, due to counsel's failure to comply with Local Rule 83.2.12.[2] Doc. 15. Plaintiff has filed no response to the motion to dismiss. Accordingly, the motion is regarded as unopposed.

---

[2] The rule provides that, when a party is already represented by counsel of record, additional counsel may enroll only: (1) upon motion of the party's counsel of record, or a motion consented to by him or her; or (2) upon motion, after the former counsel of record has been permitted to withdraw or "has died, or is incapacitated, or cannot be found;" or (3) upon motion, after notice to counsel of record and a hearing thereon. L.R. 83.2.12. From State Farm's status report, it does not appear that the second category applies at least as of August 2024. Plaintiff has made no attempt to resubmit or otherwise correct the deficiency.

## II.
## LAW & APPLICATION

Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to prosecute, with or without notice to the parties, "incident to its inherent powers." *Rogers v. Kroger Co.*, 669 F.2d 317, 319–20 (5th Cir. 1982) (citing *Link v. Wabash R.*, 370 U.S. 626, 630–33 (1962)). A case should only be dismissed with prejudice under this rule "upon a showing of 'a clear record of delay or contumacious conduct by the plaintiff . . . and where lesser sanctions would not serve the best interests of justice.'" *Id.* (quoting *Pond v. Braniff Airways, Inc.*, 453 F.2d 347, 349 (5th Cir. 1972)). When a statute of limitations may bar re-prosecution of a suit dismissed without prejudice under Rule 41(b), the scope of the district court's discretion is narrower because the action is tantamount to a dismissal with prejudice. *Stubblefield v. Garcia*, 2010 WL 2670654, at *1 (N.D. Tex. June 16, 2010) (citing *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)). In most cases affirming dismissal with prejudice, the Fifth Circuit has found at least one of the following aggravating factors: (1) delay caused by the plaintiff himself and not by his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct. *Berry*, 975 F.2d at 1191. A delay warranting dismissal "must be longer than just a few months; instead, the delay must be characterized by significant periods of total inactivity." *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326–27 (5th Cir. 2008) (internal quotations omitted).

Plaintiff, through his counsel, has repeatedly failed to engage with the court's Case Management Order. He has also failed to timely follow through with his intention to enroll

new counsel or to comply with the court's order to file a status report. Any dismissal of this matter, however, would likely be tantamount to a dismissal with prejudice.[3] Accordingly, despite the years of delay up to this point, the court must consider whether lesser sanctions would serve the best interests of justice.

Possible lesser sanctions include explicit warnings, assessment of fines, costs, or damages against the plaintiff, and conditional dismissals. *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013). A warning seems inadequate, given that one has already been issued. Likewise, the court cannot determine the proper person to punish through a fine or other assessment of costs. It is unclear whether plaintiff's new counsel or Mr. Cantrell is responsible for the failure to properly enroll, and the court has no information from which it could determine that plaintiff himself is to blame. A conditional dismissal, on the other hand, will set a final deadline for compliance and result in the ultimate sanction if plaintiff cannot conform.

---

[3] Most homeowner's insurance policies delivered in Louisiana shorten the prescriptive period to two years, the minimum allowed under state law. *See* La. Rev. Stat. 22:868(B).

## III.
### CONCLUSION

For the reasons stated above, the Motion to Dismiss [doc. 13] will be **GRANTED** and all claims in this matter will be **DISMISSED WITHOUT PREJUDICE**. Plaintiff may reinstate the suit with no prejudice in the next **30 days only** if (1) he properly enrolls new counsel in conformity with Local Rule 83.2.12 and (2) files a status update informing the court of the state of his initial disclosures and his ability to proceed with the Case Management Order.

**THUS DONE AND SIGNED** in Chambers on the 29th day of October, 2024.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**