UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**HENSLEY ROOSEVELT**                                     **CASE NO. 2:22-CV-05649**

**VERSUS**                                                **JUDGE JAMES D. CAIN, JR.**

**STATE FARM FIRE & CASUALTY CO**                         **MAGISTRATE JUDGE LEBLANC**

### MEMORANDUM RULING

Before the court is a Motion to Dismiss [doc. 26] filed by defendant State Farm Fire & Casualty Company under Federal Rule of Civil Procedure 41(b). The motion is regarded as unopposed.

### I.
#### BACKGROUND

This suit arises from alleged damage to plaintiff's home in Hurricane Laura, which made landfall in Southwest Louisiana on August 27, 2020, and Hurricane Delta, which impacted the same area on October 9, 2020. Plaintiff, represented by attorney Harry Cantrell, filed suit in this court on October 10, 2022, alleging that his home was insured by State Fam and that State Farm failed to timely or adequately compensate him for covered losses. Doc. 1. Due to plaintiff's noncompliance with the court's Case Management Order ("CMO")[1], the nonresponsiveness of plaintiff's counsel, and correspondence indicating that plaintiff intended to enroll new counsel, the court ordered that plaintiff provide a status

---

[1] The Case Management Order [doc. 2] applies to first-party insurance claims in this court arising from Hurricanes Laura and Delta. It requires that the parties exchange certain initial disclosures and undergo a streamlined settlement procedure before the case can be set for trial.

update and enroll new counsel by September 6, 2024, or risk dismissal for failure to prosecute under Federal Rule of Civil Procedure 41(b). Doc. 10.

New counsel filed a motion to enroll for plaintiff on September 6, but failed to provide a status update. Doc. 11. State Farm filed a status report on September 12, detailing *inter alia* plaintiff's failures to participate in mediations under the CMO. Doc. 12. The following month, it moved to dismiss the suit due to plaintiff's failure to comply with the court's order. Doc. 13. Additionally, the motion to enroll was denied without prejudice on October 18 due to counsel's failure to comply with Local Rule 83.2.12.[2] Doc. 15. Plaintiff filed no response. The court granted the motion but allowed thirty days for plaintiff to reopen the suit if he could (1) properly enroll new counsel in conformity with the Local Rules and (2) file a status report informing the court of the state of his initial disclosures and his ability to proceed under the CMO. Docs. 16, 18.

Plaintiff timely complied and the court reinstated the case on November 5, 2024. Doc. 24. There it ordered plaintiff to provide his initial disclosures under the CMO by December 4, 2024. *Id.* Plaintiff filed provided his disclosures to State Farm by filing them into the record on December 7, 2024. Doc. 25. These disclosures are not only untimely but also woefully incomplete. Plaintiff fails to offer any information that would allow State Farm to compute his outstanding damages, as required under Items 2(e), 3(a)–(c), and 3(e), despite his previous representations that he was prepared to proceed. *See* doc. 25. He also provided inaccurate information, stating that State Farm has only paid $38,000 on his

---

[2] The rule outlines the requirements for enrolling additional counsel when a party is already represented.

claims. *Id.* at 2. State Farm's records show that it has tendered $166,934 to plaintiff, and it states that this "claims total" table from its file was produced to plaintiff long ago. Doc. 26, att. 1, pp. 7–8.

State Farm then filed a second Motion to Dismiss under Rule 41(b), arguing that the suit must be dismissed due to plaintiff's inability to follow court orders or proceed under the CMO. Doc. 26. Plaintiff has not responded to the motion under the court's deadlines. Accordingly, the motion is regarded as unopposed.

## II.
## LAW & APPLICATION

Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to prosecute, with or without notice to the parties, "incident to its inherent powers." *Rogers v. Kroger Co.*, 669 F.2d 317, 319–20 (5th Cir. 1982) (citing *Link v. Wabash R.*, 370 U.S. 626, 630–33 (1962)). A case should only be dismissed with prejudice under this rule "upon a showing of 'a clear record of delay or contumacious conduct by the plaintiff . . . and where lesser sanctions would not serve the best interests of justice." *Id.* (quoting *Pond v. Braniff Airways, Inc.*, 453 F.2d 347, 349 (5th Cir. 1972)). When a statute of limitations may bar refiling a suit dismissed without prejudice under Rule 41(b), the scope of the district court's discretion is narrower because the action is tantamount to a dismissal with prejudice. *Stubblefield v. Garcia*, 2010 WL: 2670654, at *1 (N.D. Tex. June 16, 2010) (citing *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)).

In most cases affirming dismissal with prejudice, the Fifth Circuit has found at least one of the following aggravating factors: (1) delay caused by the plaintiff himself rather

than his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct. *Berry*, 975 F.2d at 1191.

Plaintiff has repeatedly failed to engage with the court's Case Management Order by filing timely, complete, and accurate initial disclosures. The delays at this point amount to years. Plaintiff has made clear now that he is unable to provide State Farm with the information necessary to meaningfully proceed under the CMO or otherwise make good faith attempts at resolving the matter. Possible lesser sanctions include explicit warnings, assessment of fines, costs, or damages against the plaintiff, and conditional dismissals. *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013). Admonitions have already proven wholly inadequate, however, as has a conditional dismissal. Meanwhile, plaintiff's inability to gather basic information in support of his claims after months of warning shows that he most likely has nothing to back up his suit. Accordingly, the matter must be dismissed as a sanction under Federal Rule of Civil Procedure 41(b).

## III.
### CONCLUSION

For the reasons stated above, the Motion to Dismiss [doc. 26] will be **GRANTED** and all claims in this matter will be **DISMISSED WITHOUT PREJUDICE**.

**THUS DONE AND SIGNED** in Chambers on the 10th day of January, 2025.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE